United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FITBIT, INC.,

Plaintiff,

v.

ALIPHCOM, et al.,

Defendants.

Case No. 5:15-cv-04073-EJD

**ORDER GRANTING PLAINTIFF'S MOTION TO BIFURCATE AND STAY DEFENDANTS' ANTITRUST COUNTERCLAIM**

Re: Dkt. No. 64

Plaintiff FitBit, Inc. ("Plaintiff") filed a complaint against Defendants Aliphcom, Body Media, Inc., and Body Media (collectively "Defendants") alleging infringement of a number of Plaintiff's patents related to wearable fitness tracking devices. Defendants filed an answer denying these allegations and asserting a counterclaim of monopolization in violation of 15 U.S.C. § 2.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Dkt. No. 64. Presently before the court is Fitbit's motion to bifurcate and stay Aliphcom's antitrust counterclaim. Aliphcom opposes the motion. Having carefully considered the pleadings and motion papers filed by the parties, the court finds, concludes and orders as follows:

1. Courts have broad discretion under Federal Rule of Civil Procedure Pro 42(b) to bifurcate and stay counterclaims. Rule 42(b) rule provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate trial of any number of claims, cross-claims, counterclaims, third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Rule 42(b)'s standards are read "in the disjunctive instead of in the conjunctive." Giro Sport Design Inc. v. Pro-Tec Inc., 1989 WL 418774, at *2 (N.D. Cal. Mar. 16, 1989) (citing In Re Paris Air Crash of March 3, 1974, 69 F.R.D. 310 (1975)). As such, satisfaction of even one of the standards constitutes sufficient grounds for bifurcation. The burden of proving that bifurcation is

justified rests with the party seeking it. Chip-Mender Inc. v. Sherwin-Williams Co., No. C-05-3465-PJH, 2006 WL 13058, at *13 (N.D. Cal. Jan 3, 2006) (citing Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992)).

2. In the context of patent suits, district courts often stay an antitrust counterclaim until the issues of patent infringement and validity are resolved. In re Innotron Diagnostics, 800 F. 2d 1077, 1084 (Fed. Cir. 1986); see also Eurand, 2009 WL 3172197, at *1. Those courts reason that such a separation simplifies issues, reduces jury confusion, and helps courts manage the volume and complexity of evidence presented to the jury. Masimo Corp v. Philips Elec. N. Am. Corp., 742 F. Supp. 2d 492, 496 (D. Del. 2010); see Baldwin Hardware Corp. v. Franksu Enter. Corp., No. CV-90-4919-WDK, 1990 WL 357312, at *2 (C.D. Cal. Dec. 28, 1990) ("[S]eparating complex antitrust issues of market power and monopoly from patent, unfair competition and trade dress issues would reduce the likelihood of jury confusion and result in an earlier resolution of the issues in dispute."); see also Orthophoenix, LLC v. Dfine, Inc., No. 13-1004-LPS, 2015 WL 1938702, at *1 (D. Del. Apr. 28, 2015) (observing that trying patent infringement, patent validity, and antitrust issues before the same jury may lead to confusion).

3. Plaintiff argues that judicial economy, convenience of the parties, and streamlining of complex litigation favors the bifurcation and stay of the antitrust claim. Additionally, Plaintiff contends that Defendant's characterization of the market as one for connected fitness trackers differs from its own, and is precisely the type of issue that broadens the scope of discovery, requires expert economic testimony, and increases overall litigation expenses. Finally, Plaintiff concludes that the immense cost, scope, and expense associated with allowing antitrust discovery to continue is contrary to Rule 42(b)'s goal of resource preservation.

4. Defendants counter that Plaintiff's motion to bifurcate and stay its antitrust counterclaim should be denied for several reasons. First, they argue the efficiency gained by a bifurcation is outweighed by the harm suffered by Defendants. According to Defendants, a stay would give Plaintiff the chance to consolidate its control over the market for connected activity trackers and

United States District Court
Northern District of California

increase a competitor's barrier to entry to such an extent that Defendants would be excluded from the market. Second, Defendants assert that a bifurcation and stay would not improve efficiency because the discovery relevant to the antitrust claim is not substantively distinct from the discovery relevant to patent infringement claims. Finally, Defendants argue that even if the antitrust claim were bifurcated, the existence of significant evidentiary overlap between patent and antitrust issues favors the continuation of discovery.

5. The court finds that bifurcation and stay of the antitrust counterclaim is appropriate for multiple reasons. First, resolving issues of patent validity and infringement before addressing the antitrust counterclaim may render the antitrust claim moot - thereby conserving judicial economy. Apotex, Inc. v. Senju Pharm. Co., Ltd., 921 F. Supp. 2d 308, 314 (D. Del. Feb. 7, 2013) ("The court has stayed antitrust litigation where there was a possibility that the resolution of the underlying patent claims could moot, narrow, or otherwise simplify the antitrust claims."); see also Iptronics v. Avago Technologies U.S., Inc., No. 14-CV-05647-BLF, 2015 WL 5029282, at *8 (N.D. Cal. Aug. 25, 2015) (same). In addition, to prevail on the antitrust claim, Defendants must prove that Plaintiff's suit is "objectively baseless," which requires convincing a court that no "reasonable patent owner" could believe that Defendants' products infringed Plaintiff's patents. Eurand, 2009 WL 3172197, at * 2. And even if Defendant prevails on the question of infringement, a court may still rule that the suit was not objectively baseless because Plaintiff may well have filed the suit with a realistic expectation of prevailing on the merits. Id.; see also Apotex, 921 F. Supp. 2d 308, 314-15 (D. Del. Feb. 7, 2013) (reasoning that while a winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham, a losing lawsuit does not necessarily mean that the litigation was a sham because a party may have had entirely reasonable ground for bringing the suit) (citations and internal quotations omitted). As such, it is highly likely that the antitrust issues will be resolved or rendered moot upon resolution of patent infringement and validity issues. Therefore a bifurcation and stay would conserve judicial economy.

United States District Court
Northern District of California

6. Second, the lack of evidentiary overlap between patent validity, infringement, and antitrust issues will cause jury confusion. The antitrust claim involves the analysis of anticompetitive and monopolistic behavior on the part of a party, while patent infringement focuses on "the products of a patentee and the alleged infringer." Masimo Corp., 742 F. Supp. 2d at 498. The antitrust claim restricts monopolistic behavior, while a patent grants its owner certain monopolistic powers. Id. at 499. A jury presented with evidence alleging "the lawful exercise of patent rights" and "the unlawful exercise of anticompetitive behavior," could easily "blur the distinction between legitimate patent enforcement" and the exercise of "unlawful" monopolistic powers. Id. Allowing Defendants to introduce evidence related to antitrust issues would increase the likelihood of just such confusion among the jury, and interfere with their ability to address the more pertinent issue of patent infringement. As such, a bifurcation of the antitrust claim is warranted.

7. Defendants contend that even if the court bifurcates Defendant's counterclaim, discovery associated with the antitrust counterclaim should continue because there is significant evidentiary overlap between patent and antitrust issues. The court rejects this argument for the reasons stated above, and finds that allowing discovery to proceed with respect to the antitrust counterclaim would be unnecessary and burdensome.

On balance, the court finds that the antitrust counterclaim should be bifurcated and stayed in the interests of conserving judicial economy and reducing jury confusion. As such, the court GRANTS Plaintiff's motion to bifurcate and stay Defendants' antitrust counterclaim and stays discovery with respect to the same. The hearing scheduled for June 2, 2016 is VACATED.

**IT IS SO ORDERED.**

Dated: May 27, 2016

EDWARD J. DAVILA
United States District Judge