UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITBIT, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ALIPHCOM, et al.,<br><br>        Defendants. | Case No. 5:15-cv-04073-EJD<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 90 |

Presently before the court is Plaintiff FitBit, Inc.'s ("Fitbit") Motion for Sanctions filed on August 8, 2016. See Dkt. No. 90. Defendants Bodymedia, Inc. and AliphCom, which does business as Jawbone (collectively "Jawbone"), filed an opposition to this motion on August 29, 2016. Having carefully considered the parties' submissions, the court finds, concludes and orders as follows:

1. The court has the authority to impose sanctions on a party pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 56(h), and based on its inherent sanctions power. FitBit argues Jawbone is liable for attorneys' fees under one or more of these legal bases. See Dkt. No. 90 ("Mot.") at 10. The court addresses each of these bases in turn.

2. 28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The imposition of attorneys' fees under § 1927 serves "as a sanction against counsel personally for reckless or bad faith conduct in the course of litigation." Yue v. Storage Tech. Corp., No. C-07-05850-MJJ, 2008 WL 361142, at *2 (N.D. Cal. Feb. 11, 2008) (citations and internal quotations omitted). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous

1

Case No.: 5:15-cv-04073-EJD
ORDER DENYING MOTION FOR SANCTIONS

1  argument or argues a meritorious claim for the purpose of harassing an opponent." Z-Rock
2  Commc'n Corp. v. William A. Exline, Inc., No. C-0302436-WHA, 2004 WL 2496158, at *7
3  (N.D. Cal. Nov. 5, 2004) (citations and internal quotations omitted). Moreover, "[f]or sanctions to
4  apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be
5  intended to harass." Id. (citations and internal quotations omitted) (emphasis added). Carelessly,
6  negligently, or unreasonably multiplying the proceedings, however, is insufficient for the
7  imposition of sanctions. In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010).

8        3. Fitbit argues Jawbone should be sanctioned for filing a motion for summary judgment
9  ("MSJ") in bad faith. Mot. at 8; See Dkt No. 79 ("MSJ"). Specifically, Fitbit asserts Jawbone's
10 representations that its UP2, UP3, and UP4 devices do not vibrate, flash LED lights, or cue (i.e.
11 signal) the user to validate the request to pair the devices are inaccurate. Dkt. No. 104 ("Reply")
12 at 4. Fitbit further contends Jawbone failed to conduct even a basic due diligence of its products,
13 relying instead on the possibility that Fitbit would be unfamiliar with operation of these products
14 due to limited discovery. Mot. at 9. Moreover, Fitbit contends Jawbone went so far as to ignore
15 sources of information available to it and prevented Fitbit from accessing the same, thereby acting
16 in bad faith. Id. at 9.

17       4. Jawbone counters that it filed the MSJ after a reasonable investigation and accurately
18 represented the functionality of its products. Dkt. No. 98 ("Opp.") at 12. Specifically, Jawbone
19 asserts that neither Fitbit's infringement contentions nor Fitbit's revised joint statement of
20 undisputed facts sent on June 9, 2016 drew a distinction between the pairing process that occurs
21 the first time the device is paired and every other time. Opp. at 7. Had this distinction been made,
22 Jawbone asserts it might have chosen not to file the MSJ. Opp. at 7-8. Moreover, according to
23 Jawbone, Fitbit's assertion that Jawbone's accused activity trackers generated these signals before
24 the pairing was complete necessarily meant that the cueing limitations in the asserted claims were
25 satisfied, was a clarification that led Jawbone to rethink postponing the discovery schedule and
26 ultimately resulted in a decision to withdraw the MSJ. Opp. at 9.

5. After reviewing the relevant submissions, the court concludes that Jawbone should have been better informed of the functionalities of its products. The factual contentions made by Jawbone in its MSJ are questionable. Dkt. No. 79. Specifically, Jawbone's contentions that "the only signal the user receives to validate the pairing of the UP product and the mobile device comes after the UP App[lication]" and that the "only signal or cue the user receives to validate or complete the pairing process is the *message* on the UP App[lication]" are strongly contradicted by the evidence. See Dkt. No. 79 at 14 (emphasis added); see also Dkt. No. 83-5, 83-6. And Jawbone's need to point out that Plaintiff did not limit the infringement contentions to the "first time" the device was paired further undermines its position. Despite such strong arguments, however, the court is unconvinced that Jawbone knowingly or recklessly refuted a meritorious claim for the purpose of harassing Fitbit. At worst, its actions demonstrate an incomplete understanding of its own products that led to a questionable filing of an MSJ.

6. Fitbit also sought sanctions under Rule 56(h), which provides:

> If satisfied that an affidavit or declaration under this rule is submitted in *bad faith or solely for delay*, the court - after notice and a reasonable time to respond - may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h) (emphasis added).

7. Fitbit argues Jawbone submitted a meritless expert declaration that relied on an "anonymous, foundationless YouTube video to describe the facts of the operation of Jawbone's products in a fundamentally incorrect manner." Mot. at 10. Jawbone counters that its expert, Dr. Almeroth, drew his conclusions from his review of Jawbone's products and not from the YouTube video. Opp. at 15.

8. While the court detects inconsistencies in Jawbone's position and seriously questions its decision to file the MSJ based on the available evidence, it is not convinced that these actions are sufficient to constitute bad faith under Rule 56(h). The court is likewise unconvinced that Dr.

3
Case No.: 5:15-cv-04073-EJD
ORDER DENYING MOTION FOR SANCTIONS

Almeroth's declaration was based exclusively on the YouTube video or filed solely as a delaying tactic. Moreover, Jawbone's decision to withdraw its MSJ without filing a reply indicates an intent to mitigate the adverse consequences of filing the motion on questionable grounds. With that said, the court would like to urge both parties to comply with the standing order and restrict themselves to filing one summary judgment motion – preferably one that better identifies the pertinent issues and allows for a speedy and efficient resolution of the case.

9. Next, Fitbit requests the court to exercise its inherent powers to sanction Jawbone. Mot. at 10-11. Plaintiff argues the opposite. Courts possess the inherent power to award attorneys' fees in instances where the losing party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." EON Corp. IP Holdings, LLC v. Cisco Sys., Inc., No. 12-CV-0100-JST, 2014 WL 3726170, at *4 (N.D. Cal. July 25, 2014).

10. The court does not deem it prudent to exercise its inherent powers here and sanction Jawbone because it is not fully convinced that Jawbone acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

For the reasons discussed above, the court DENIES Fitbit's Motion for Sanctions. The hearing scheduled for October 27, 2016 is VACATED.

**IT IS SO ORDERED.**

Dated: October 25, 2016



EDWARD J. DAVILA
United States District Judge