1      E-filed 1/5/2017

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    FITBIT, INC.,                              Case No.15-cv-04073-EJD   (HRL)

8              Plaintiff,                        **ORDER GRANTING PLAINTIFF'S
                                                 UNOPPOSED MOTION FOR LEAVE
9         v.                                     TO SUPPLEMENT INFRINGEMENT
                                                 CONTENTIONS**
10   ALIPHCOM, et al.,
                                                 Re: Dkt. No. 111
             Defendants.
11

12         Pending before the court is plaintiff Fitbit, Inc.'s ("Fitbit") motion for leave to supplement

13   its infringement contentions.  Dkt. No. 111.  The motion is unopposed, and the court deems this

14   matter suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).  For

15   the reasons explained below, the court grants Fitbit's motion for leave to supplement its

16   infringement contentions.

17                              **BACKGROUND**

18         Fitbit asserts that it served its initial infringement contentions on defendant AliphCom

19   d/b/a Jawbone ("Jawbone") in February.  Dkt. No. 111.  In addition to this action, the litigants are

20   engaged in various other proceedings, including investigations before the International Trade

21   Commission ("ITC").  Dkt. No. 111, Chung Decl., at ¶ 3.  As part of the ITC proceedings, Fitbit

22   inspected sections of Jawbone's source code that form the basis of Fitbit's proposed supplements

23   to its infringement contentions here.  *Id.*  Fitbit, however, was bound by the protective order it

24   entered into as part of the ITC proceeding, and initially could not use the confidential information

25   discovered before that body in this case.  *Id.*  In August 2016, however, the parties entered into a

26   cross-use agreement that, among other things, allows them to use confidential information

27   discovered through the ITC proceeding here.  *Id.*; *id.*, at Ex. 19.  Within one month after entering

28   into this agreement, Fitbit noticed inspection of Jawbone's source code, i*d.* at ¶ 5, and Fitbit

United States District Court
Northern District of California

1   moved to supplement its infringement contentions in light of that review approximately two

2   months later.  Fitbit asserts that Jawbone does not oppose the motion to supplement, *id.* at ¶ 2, and,

3   indeed, no opposition has been filed.

**DISCUSSION**

5   Patent Local Rule 3.6 governs the amendment of infringement contentions.  It states that

6   amendments "may be made only by order of the Court upon a timely showing of good cause."

7   Patent L.R. 3-6.  Courts evaluating requests for leave to amend apply a two-step analysis to

8   determine if good cause exists: "first the court must determine whether the moving party was

9   diligent in amending its contentions; second[,] the court must determine whether the non-moving

10  party would suffer undue prejudice if the motion to amend were granted."  *DCG Sys.*, 2012 WL

11  1309161, at \*3.  In establishing good cause, the burden is on the moving party to show diligence.

12  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV 12-00630 LHK, 2012 WL 5632618, at \*2 (N.D.

13  Cal., Nov. 15, 2012).  Patent Local Rule 3-6(c) specifically provides that a finding of good cause

14  may be supported by the "[r]ecent discovery of nonpublic information about the Accused

15  Instrumentality which was not discovered, despite diligent efforts, before the service of the

16  Infringement Contentions."

17  The court is persuaded that good cause exists to allow Fitbit to supplement its infringement

18  contentions.  Though Fitbit discovered the relevant source code through the ITC investigations at

19  an earlier date, this information was effectively unavailable to Fitbit until August 8, 2016, when

20  the parties entered into a cross-use agreement.  After the barrier to Fitbit's use of Jawbone's

21  source code was removed, Fitbit acted diligently to re-discover the non-public information and to

22  file this motion.  Additionally, as Jawbone has not opposed Fitbit's motion, the court is persuaded

23  that granting leave to supplement Fitbit's infringement contentions would not cause the defendant

24  to suffer undue prejudice.

**CONCLUSION**

26  The court therefore grants Fitbit's motion for leave to supplement its infringement

27  contentions.

28  **IT IS SO ORDERED.**

United States District Court
Northern District of California

1   Dated: 1/5/2017

2

3

4                                    HOWARD R. LLOYD
                                     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California