UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC.,<br>　　　　Plaintiff,<br>v.<br>ALIPHCOM, et al.,<br>　　　　Defendants. | Case No.15-cv-04073-EJD　(SVK)<br><br>**ORDER REGARDING SEPTEMBER 22, 2017 JOINT DISCOVERY STATEMENT**<br><br>Re: Dkt. No. 180 |

Now before the Court is Plaintiff Fitbit, Inc. ("Fitbit") and third party Jawbone Health Hub's ("JHH") joint discovery letter regarding two subpoenas issued by Fitibit. ECF 180. Having reviewed the submission, the Court agrees with JHH's proposed compromise, with one addition as set forth below.

The Court is familiar with the parties and posture of this case, having ruled on several disputes in this matter. ECF 145, 149, 151, 166, 178. By way of relevant background, JHH is a third party in the pending action against Defendant AliphCom d/b/a "Jawbone." On August 10, 2017, Defendant Jawbone notified the Court that it had transferred all of its assets to AliphCom (assignment for the benefit of creditors), LLC. ECF 154 at 1. Jawbone also informed the Court that prior to the assignment it had transferred documents relevant to the litigation to third party JHH. ECF 155. Fitbit has alleged and JHH has not denied that JHH now employs many of Jawbone's former employees. ECF 167 at 2. The Court first ordered JHH to respond to a subpoena for the production of documents on August 23, 2017. ECF 166. The Court again addressed disputes between Fitbit and JHH regarding production of documents on September 15, 2017. ECF 178.

In addition to the document subpoenas, Fitbit served two Rule 30(b)(6) subpoenas on JHH. The first, served on July 20, 2017, largely relates to the relationship between JHH and Jawbone.

The second subpoena, served on August 14, 2017, seeks information relevant to Jawbone's finances and intellectual property practices. For example, in the August 14 subpoena Fitbit seeks 30(b)(6) testimony from JHH regarding Jawbone's income, expenses and profits for October 2014 to present, as well as Jawbone's marketing materials, license agreements, and design-around attempts. ECF 180 at 23.

Federal Rule of Civil Procedure 30(b)(6) provides as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

As JHH argues, Rule 30(b)(6) allows for a subpoena directed to an entity for testimony *on that entity's behalf.* ECF 180 at 2-3. As Fitbit argues, Rule 30(b)(6) also requires the entity to provide testimony about information known or reasonably available *to the entity*. ECF 180 at 4. However, this latter phrase, relied upon by Fitbit, is still within the ambit of the former language, relied upon by JHH. A Rule 30(b)(6) designee is testifying on behalf of the subpoenaed entity, in this instance, JHH. Therefore, under the present circumstances, a Rule 30(b)(6) subpoena directed to JHH is simply not the proper vehicle for Fitbit to receive testimony for the topics set forth in the August 14 subpoena, which are exclusively directed to the operations of Defendant Jawbone.

However, as noted previously by this Court, JHH is not a wholly disinterested third party, as demonstrated by the recent transfer of critical documents and the movement of percipient witnesses from Defendant Jawbone to JHH. Any percipient witness may be an appropriate subpoena target pursuant to which he or she would testify, not on behalf of third party JHH, but in their individual capacity.

Accordingly, the Court orders JHH to produce a corporate designee or designees under Rule 30(b)(6) on September 27, 2017, to testify on the following topics:

- Topics 1-7 and 9-14 of the first deposition subpoena served on July 20, 2017.
- With respect to the second deposition subpoena served on August 14, 2017, the authentication of documents produced by JHH in response to Fitbit's previous document subpoenas to JHH, explanations of how JHH personnel collected documents for production, the reasons why JHH has possession of the Jawbone records.
- Any other topics listed in the Second Deposition Subpoena of which the deponent has personal knowledge.
- The identification of the person or persons most knowledgeable for the topics in the second deposition subpoena.

Following the deposition, Fitbit may issue individual subpoenas, to which JHH has already stated it will not object.[1]  ECF 180 at 2.

Each party shall bear its own costs and attorneys' fees.

**SO ORDERED.**

Dated: September 25, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] The Court acknowledges the discovery cutoff of September 29, 2017, and anticipates that Fitbit may need to seek leave from the District Judge for an extension to allow for further depositions.